**FILED**

**September 26, 2017**

**IN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 11:53 AM**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT CHATTANOOGA

| | | |
|---|---|---|
| Jeremiah Roper, | ) | Docket No. 2016-01-0546 |
|     Employee, | ) | |
| v. | ) | |
| Allegis Group, | ) | State File No. 61298-2016 |
|     Employer, | ) | |
| and | ) | |
| Agri General Insurance Company, | ) | Judge Audrey A. Headrick |
|     Insurance Company. | ) | |
| | ) | |

### EXPEDITED HEARING ORDER
### GRANTING MEDICAL BENEFITS

This matter came before the Court on September 13, 2017, on Mr. Roper's Request for Expedited Hearing. The central legal issue is whether Allegis must provide Mr. Roper another panel of pain management specialists. The Court declines to order Allegis to provide Mr. Roper another panel but holds Mr. Roper is entitled to further treatment from the referring physician, Dr. Brian Tonne.

### History of the Claim

Based upon the evidence from the December 13, 2016 and September 13, 2017 evidentiary hearings, the Court finds as follows:[1]

Mr. Roper, an Allegis employee, sustained a traumatic, left-hand amputation when "something grabbed him" and started pulling his left arm into the auger bit. To save his life, he had to pull his arm free. After compressing the arteries to control his bleeding, Mr. Roper ran down two flights of stairs and forty yards across the auger deck. After a co-worker applied a tourniquet, a helicopter flew him to UT Medical Center for

---

[1] The Court previously held an expedited hearing in this matter on December 13, 2016. At the September 13 hearing, the Court took judicial notice of the testimony and exhibits admitted into evidence at the prior hearing. *See Hughes v. New Life Dev. Corp.*, 387 S.W.3d 453, 457 n.1 (Tenn. 2012), holding, "we are permitted to take judicial notice of the facts from earlier proceedings in the same action."

emergency treatment. To date, Mr. Roper has had nine surgeries on his left arm due to a sepsis infection. The surgeries resulted in amputations midway between his shoulder and elbow.

Although Mr. Roper is now infection-free, he testified he suffers daily pain since his injury. He described excruciating pain, an inability to sleep, and a complete change in his demeanor. Mr. Roper stated he isolates himself due to extreme social anxiety and lives alone in a camper trailer. He has recurring nightmares and angers easily. Further, since Mr. Roper was left-hand dominant, he had to learn how to do everything right-handed.

On April 5, 2017, Dr. Tonne, an orthopedic surgeon, referred Mr. Roper to pain management. Allegis provided a panel. However, since the selected physician was unavailable, Mr. Roper agreed to see another panel physician, Dr. Joe Browder. From April 5 until he saw Dr. Browder on June 14, Mr. Roper sent numerous emails to his attorney and the nurse case manager regarding the status of his appointment.

At his appointment, Dr. Browder noted Mr. Roper had "diffuse pain in the L shoulder with phantom pain that extends down the entire LUE 'like my arm is being drawn up and my fingers are bent back in the left hand.'" Mr. Roper rated his pain as a ten out of ten. Under "Physical Examination," the record reflects, "[e]xaggerated pain behaviors noted including wincing, guarding, self restricting [sic], and pulling away." However, Dr. Browder also documented that Mr. Roper "has severe sensitivity of the stump and upper arm/shoulder." He noted Mr. Roper's symptoms were consistent with complex regional pain syndrome but was unable to confirm the diagnosis due to the amputation.

Dr. Browder had several treatment recommendations. For Mr. Roper's severe sensitivity, he indicated treatment "may include psychological coaching, therapy, procedure and/or medication management." Due to Mr. Roper's "chronic residual neuropathic pain" and sleep issues, Dr. Browder suggested neuroadjuvant medications. Future treatment possibilities also included a left stellate ganglion block, a spinal cord stimulator, and desensitization therapy.

After performing the initial assessment, Dr. Browder referred Mr. Roper for an in-office risk evaluation and ordered a baseline urinary drug test (UDT) "prior to considering opiate therapy." Dr. Browder also recommended psychological treatment related to his pain. Immediately following the psychiatric referral, Dr. Browder noted that Mr. Roper reported "'occasional' THC use for his nerve pain; last smoke [sic] this past weekend." The UDT showed positive results for oxycodone, hydrocodone, marijuana, meth, and cocaine.

Dr. Browder refused to see Mr. Roper again due to the positive drug screen.

Allegis did not authorize Mr. Roper to select another physician from the panel, and Dr. Tonne instructed Mr. Roper not to return until his hypersensitivity and pain are under control for him to be able to use a prosthetic. Therefore, although Mr. Roper has a September 25 appointment with his psychologist, he is not currently receiving any other medical treatment.

During the hearing, Mr. Roper admitted to using illegal drugs since his injury and admitted using his workers' compensation checks to buy the other drugs.[2] He stated that marijuana helps him psychologically and alleviates pain tremendously. He stated the only way he can get a full night's sleep is through self-medication because Allegis denied him timely medical treatment.

Mr. Roper argued he is entitled to see another physician who can help him manage his pain. He understands that any pain management physician will want to perform a drug test. Mr. Roper acknowledged he does not plan to stop using the illegal drugs prior to his first appointment with a physician. However, he stated he plans to adhere to the doctor's rules after the first appointment when he receives help from the physician.

Allegis argued Mr. Roper refused, by his own actions, to accept the medical treatment offered to him by using illegal drugs up until the time he saw Dr. Browder. It pointed out that Mr. Roper maintains he will continue to use illegal drugs until after his first visit with another pain management physician. Further, Allegis argued there is no medical proof that Dr. Tonne's April 5 referral for pain management is an ongoing referral.

## Findings of Fact and Conclusions of Law

### General Legal Principles

Mr. Roper bears the burden of proof on all essential elements of his workers' compensation claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). However, he is not required to prove every element of his claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. Rather, at an expedited hearing, Mr. Roper must come forward with sufficient evidence from which this Court might determine that he is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing,* 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

### Medical Benefits

---

[2] Mr. Roper testified he had not smoked marijuana since he was in his teens or early twenties prior to the work injury. He also stated he never experimented with meth except for once after his injury.

3

The Workers' Compensation Law requires the employer to "furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident[.]" When an injured employee expresses a need for medical treatment, the employer must provide a panel of "three (3) or more independent reputable physicians, surgeons, chiropractors or specialty practice groups" on a form "from which the injured employee shall select one (1) to be the treating physician." Tenn. Code Ann. § 50-6-204(a) (2016). Further, an employee "shall accept the medical benefits afforded under this section."

Here, Allegis provided Mr. Roper with a panel of pain management specialists from which he ultimately selected Dr. Browder. After waiting more than two months, Mr. Roper finally saw Dr. Browder. However, due to Mr. Roper's positive drug screen, Dr. Browder refused to see him again.[3]

Allegis argued that Mr. Roper's actions equated to a refusal to accept medical benefits. The Court disagrees. During the hearing, Mr. Roper explicitly described to the Court his inability to stop using illegal drugs due to his daily psychological and physical pain. In other words, Mr. Roper admitted he now has a substance abuse problem after self-medicating for his psychological and physical pain.

While the Court does not condone Mr. Roper's illegal drug use, it recognizes that substance abuse problems can develop following a work injury. Under the present circumstances, the Court finds it unnecessary to order Allegis to provide him with another panel of pain management physicians. As the parties acknowledged, any pain management physician will want to review Mr. Roper's voluminous medical records before determining whether to accept him as a patient. Considering his past positive drug screen, the parties acknowledged that it may be difficult to find a physician who will treat him.

Instead of requiring the parties to participate in a fruitless task causing further delays beyond what Mr. Roper has already experienced, the Court orders Allegis to authorize and schedule Mr. Roper to see Dr. Tonne, his authorized treating physician who referred him for pain management, on an *expedited* basis. Based upon the record, Dr. Tonne is unaware of the events that have occurred since he last saw Mr. Roper on April 5. Dr. Tonne needs to see Mr. Roper and make an informed decision regarding future treatment options, including possible treatment for Mr. Roper's substance abuse

---

[3] During closing arguments, counsel for Mr. Roper argued that Tennessee Code Annotated section 50-6-204(j)(4)(A) applies because it pertains to violations of pain management contracts. However, after the hearing, the parties confirmed with the Court's legal assistant that Mr. Roper did not sign a pain management contract for Dr. Browder. Therefore, the cited portion of the statute is inapplicable.

4

problem.[4]  Therefore, while the Court denies Mr. Roper's request for another pain management panel at this time, it grants his request for additional medical benefits by ordering Allegis to return him to see Dr. Tonne.

**IT IS, THEREFORE, ORDERED** as follows:

1. Allegis or its workers' compensation carrier shall authorize and schedule Mr. Roper to see Dr. Tonne on an expedited basis.  Allegis and/or Mr. Roper shall provide Dr. Tonne with Dr. Browder's June 14 office note and UDS results.  Mr. Roper or the providers shall furnish Allegis, or its carrier, bills for the charges incurred for compensable care, and Allegis or its carrier shall timely pay these charges.

2. This matter is set for a Status Hearing on November 16, 2017, at 10:00 a.m. Eastern Time.

3. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3).  The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order.  Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

4. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov.

**ENTERED this the 26th day of September, 2017.**

**Judge Audrey A. Headrick**
**Court of Workers' Compensation Claims**

---

[4] Since Dr. Tonne is unaware of Mr. Roper's substance abuse problem, he has not yet provided any opinions on that issue.  However, the Court notes that the "direct and natural consequences rule" survived the Reform Act of 2013.  *See Lee v. W. Plastics, et al.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 53, at *6-9 (Oct. 20, 2016).

## APPENDIX

Exhibits:
1. Affidavit of Jeremiah Roper
2. Medical Records with Table of Contents
   - Pages 101-115 from Dr. Joe Browder with Behavioral Medicine Institute
   - Pages 116-119 from Dr. Brian Tonne at OrthoTennessee
   - Pages 156-158 from Pain Consultants of East Tennessee
3. Panel

Technical record:
1. Order Granting Motion to Amend Pleadings, December 20, 2016
2. Expedited Hearing Order Granting Temporary Disability and Medical Benefits, December 23, 2016
3. Order Approving Attorney Fees, February 28, 2017
4. Two Orders Resetting Status Hearings, March 16, 2017 and June 6, 2017
5. Request for Expedited Hearing, August 18, 2017
6. Notice of Expedited Hearing, August 22, 2017

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Granting Medical Benefits was sent to the following recipients by the following methods of service on this the 26th day of September, 2017.

| Name | Certified Mail | Via Email | Email Address |
|------|----------------|-----------|---------------|
| Jeff Rufolo, Attorney | | X | jrufolo@summersfirm.com jahollis@summersfirm.com |
| David Deming, Attorney | | X | ddeming@manierherod.com tjoiner@manierherod.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov